**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DOMINICK A. AGAPOV, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) Case No. _____ |
| UBIF FRANCHISING CO, | ) |
| | ) |
| **Defendant.** | ) |

**NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant UBIF Franchising Co ("UBIF"), hereby provides notice of removal of this action.  In support of removal, UBIF states the following:

1.      This action commenced on December 6, 2022, with the filing of Plaintiff's Summons with Notice (the "Summons") in the Supreme Court of the State of New York, County of Westchester, Case No. 50687/2022 (collectively, the "State Court Action."). A copy of all process and pleadings from the State Court Action is attached hereto as **Exhibit A.**

2.      Plaintiff, who is *pro se*, attempted to serve the Summons upon UBIF on December 14, 2022, but did not effectuate proper service. The Summons stated only that Plaintiff was "accusing [his] former employer of workplace discrimination, retaliation and breach of contract."

3.      On January 17, 2023, UBIF filed a Notice of Limited Appearance and Demand for Complaint.

4.      Plaintiff filed his Complaint on February 3, 2023.

5.      On February 23, 2023, UBIF filed its Notice of Motion to Dismiss and Memorandum of Law in Support (collectively, the "Motion to Dismiss"). UBIF is seeking

dismissal of the lawsuit because Plaintiff failed to: (1) file his lawsuit within the statutes of limitations[1], (2) name a necessary and indispensable party to his discrimination and retaliation claims arising under state law, (3) properly serve UBIF, and (4) allege a legally cognizable cause of action for discrimination, retaliation, breach of contract, and defamation.[2]

6.    On March 6, 2023, Plaintiff filed an Affidavit in Opposition to the Motion to Dismiss (the "Response") and, for the first time, attached a Notice of Right to Sue from the Equal Employment Opportunity Commission ("Right to Sue") dated August 25, 2022, dismissing Plaintiff's Title VII race discrimination and retaliation claims against UBIF. [3]

7.    Plaintiff did not attach the Right to Sue to the Summons or Complaint, nor did he allege in the Summons or Complaint that he was pursuing federal claims against UBIF. However, in his Response brief, Plaintiff referenced the Right to Sue and the 90-day statute of limitations explained therein in support of his argument that he timely filed this lawsuit.

8.    Thus, this Court has federal question jurisdiction over Plaintiff's Title VII race discrimination and retaliation claims pursuant to 28 U.S.C. §1331. Removal of this lawsuit is timely because no more than 30 days have passed since Plaintiff provided notice of his federal race discrimination and retaliation claims (*i.e.*, on March 6, 2023). *Richstone v. Chubb Colonial Life Ins*, 988 F. Supp. 401, 402 (S.D. N.Y. 1997) ("If the initial pleading is insufficient [to determine removability], a notice of removal may be filed within 30 days after receipt by defendant of a copy of an amended pleading, motion, order or the paper from which it may be first ascertained that the case is removable.").

---

[1] Both Plaintiff's state and federal discrimination and retaliation claims are time barred. Now that it has notice of Plaintiff's federal claims, UBIF will address in its forthcoming Reply brief the untimeliness of those claims.

[2] Plaintiff first raised his defamation claim in the Complaint and did not provide notice of that claim in the Summons.

[3] On July 14, 2022, the New York State Division of Human Rights dismissed Plaintiff's race discrimination and retaliation claims arising under state law. He was required to appeal that decision within 60 days, but failed to do so.

4816-6637-8442.1

9.      This Court has supplemental jurisdiction over Plaintiff's breach of contract and defamation claims, both of which are closely related to Plaintiff's Title VII claims against UBIF. 28 U.S. Code § 1367(a).

10.     Pursuant to 28 U.S.C. § 1441(a), venue is proper in the United States District Court for the Southern District of New York because it embraces the Westchester County Supreme Court, the place where this action was pending.

11.     A copy of this Notice of Removal is being contemporaneously served upon the Plaintiff and filed with the Westchester County Supreme Court. A copy is attached hereto as **Exhibit B.**

12.     UBIF will submit its Reply in Support of its Motion to Dismiss the Complaint within seven (7) days of the filing of this Notice.

By filing this Notice of Removal, UBIF does not waive, either expressly or impliedly, its right to assert any defense it could have or has asserted in the Westchester County Supreme Court.

**HOLLAND & KNIGHT LLP**

*Attorneys for Defendant UBIF Franchising Co*,

By:     /s/ *Flynne M. Dowdy*
         Flynne M. Dowdy (TBR No. 035926)
         *Pro Hac Vice Application Forthcoming*
         511 Union Street, Suite 2700
         Nashville, Tennessee 37219
         Telephone: 615.244.6380
         Flynne.Dowdy@hklaw.com

4816-6637-8442.1

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2023, a true and correct copy of the foregoing **Notice of Removal** was filed electronically with the Clerk of the Court using the CM/ECF system and served via first class mail upon:

Dominick Agapov
65 McKinley Avenue, CG-8
White Plains, New York 10606

*Plaintiff*


/s/ *Flynne M. Dowdy*

4816-6637-8442.1