UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DOMINICK A. AGAPOV,

                              Plaintiff,

                 -against-

UBIF FRANCHISING CO.,

                              Defendant.

---

**OPINION AND ORDER**

23-CV-02178 (PMH)

PHILIP M. HALPERN, United States District Judge:

Dominick A. Agapov ("Plaintiff"), proceeding *pro se*, commenced an action on December 6, 2022 in the Supreme Court of the State of New York, County of Westchester against UBIF Franchising Co. ("Defendant") by the filing of a Summons with Notice. (Doc. 1, "Not." ¶ 1). On January 17, 2023, Defendant filed a Notice of Limited Appearance and Demand for Complaint. (*Id.* ¶ 3). Plaintiff filed the Complaint on February 3, 2023. (Doc. 1-1 at 8-10, "Compl."), alleging that Defendant, his former employer, discriminated and retaliated against him on the basis of race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* and New York State Human Rights Law ("NYSHRL"), and asserting additional claims for breach of contract, unpaid commission, and defamation under New York State law.

On February 23, 2023, Defendant filed a motion to dismiss the Complaint in the state court. (Not. ¶ 5). Plaintiff opposed the motion on March 6, 2023. (*Id.* ¶ 6; Doc. 1-2 at 10-18). On March 14, 2023, Defendant removed this action from state court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Not. ¶ 8). On March 21, 2023, Defendant filed a reply brief in this Court in support of the motion to dismiss filed prior to removal. (Doc. 9). This Court denied Defendant leave to rely on the motion to dismiss filed prior to removal without prejudice, and extended Defendant's time to answer or otherwise respond to the Complaint. (Doc. 10).

Defendant filed, with permission of the Court, a renewed motion to dismiss under Federal Rules of Civil Procedure 12(b)(1), (2), (5), (6), and (7), on May 31, 2023. (Doc. 14; Doc. 15, "Def. Br."; Doc. 16, "Ancar Decl."). Plaintiff opposed the motion (Doc. 18; Doc. 19, "Opp."), and it was fully briefed with the filing of Defendant's reply on December 13, 2023. (Doc. 20, "Reply").

For the reasons set forth below, Defendant's motion to dismiss is GRANTED.

## BACKGROUND

Plaintiff alleges that he began working as a remote phone repair technician for Defendant UBIF Franchising Co. in July 2020 at its Scarsdale, New York location ("Scarsdale Store"). (Compl. ¶ 1). Starting in early November 2021, Plaintiff was sent several times to substitute for another remote technician at Defendant's Mount Kisco, New York location ("Mount Kisco Store"). (*Id*. ¶ 2). Plaintiff alleges that his manager told him he was only temporarily assigned to the Mount Kisco Store until a new driver was found. (*Id*. ¶ 3).

In or around November 2021, Plaintiff alleges that he had a conversation with two of his co-workers in which he discussed "the on-going . . . case of Kyle Rittenhouse," relating to the shooting of protestors in Kenosha, Wisconsin. (*Id*. ¶ 5). This conversation lasted only a few minutes and Plaintiff claims that he "only mentioned the facts being brought up in that trial, and nothing else besides that." (*Id*.). Plaintiff was informed by his manager later that day that "someone complained about [him] talking about [Black Lives Matter]." (*Id*. ¶ 6). Two days later, Plaintiff sought clarification of the complaint and was told that "the complainant does not desire to work with [him] at the same shop location and this . . . now ha[s] to be discussed with the upper management." (*Id*. ¶ 7). In or around the last week of November, Plaintiff started his regular shift at the Scarsdale Store, but was told that he needed to relocate to the Mount Kisco Store. (*Id*. ¶ 8). Plaintiff alleges that the working conditions at the Mount Kisco Store were "unsafe and undesirable, specifically the work van among other things." (*Id*. ¶ 4).

Plaintiff asserts that the "racially charged complaint" made against him by a Black employee was used "as workplace intimidation in order to influence" Plaintiff's relocation to the Mount Kisco Store. (*Id*.). Plaintiff alleges that 90% of Defendant's employees are Black or Hispanic. (*Id*. ¶ 10). Additionally, Plaintiff, who drove a work van as part of his job, alleges that the need for a new van driver at the Mount Kisco Store was never discussed with Malik, who was Black and the only other employee who drove a van at the Scarsdale Store. (*Id*.). Plaintiff protested the "unjust relocation" to the Mount Kisco Store and was terminated at the end of November 2021. (*Id*. ¶ 11). Defendant initially withhehld all wages and commission that Plaintiff earned during the month of November 2021. (*Id*. ¶ 11). Defendant released Plaintiff's wages three months later, but still withheld earned commission pay. (*Id*.).

On February 1, 2022, Plaintiff filed a Charge of Discrimination with the New York State Division of Human Rights ("DHR"). (Doc. 15-1). The DHR issued a Determination and Order After Investigation dismissing Plaintiff's complaint of unlawful discrimination or retaliation. (*Id*.). Plaintiff also filed a Charge with the United States Equal Employment Opportunity Commission ("EEOC"), and the EEOC issued a determination on August 25, 2022 adopting the findings of the DHR and providing notice of Plaintiff's right to sue. (Doc. 1-2 at 20-21). Plaintiff alleges that Defendant defamed him and influenced the investigator's decision during the EEOC investigation. (Compl. ¶ 13).

This litigation followed.

## **STANDARD OF REVIEW**

### I.    Rule 12(b)(2) Standard

"A party may move to dismiss an action for "lack of personal jurisdiction." Fed. R. Civ. P. 12(b)(2). Although it is a plaintiff's burden to establish jurisdiction in response to such a motion, "the showing a plaintiff must make to defeat a defendant's claim that the court lacks personal

jurisdiction over it varies depending on the procedural posture of the litigation." *Dorchester Fin. Secs., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013). At this stage, "[i]n order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a *prima facie* showing that jurisdiction exists." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 167 (2d Cir. 2013); *NuMSP, LLC v. St. Etienne*, 462 F. Supp. 3d 330, 341 (S.D.N.Y. 2020) ("[T]he plaintiff in opposing a 12(b)(2) motion cannot rely merely on conclusory statements or allegations; rather, the *prima facie* showing must be factually supported."). "Such a showing entails making legally sufficient allegations of jurisdiction, including an averment of facts that, if credited, would suffice to establish jurisdiction over the defendant." *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 35 (2d Cir. 2010). The Court "may consider materials outside the pleadings" in analyzing a motion to dismiss under Rule 12(b)(2). *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 86 (2d Cir. 2013). "The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits." *MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012).

## II.   Rule 12(b)(5) Standard

Rule 12(b)(5) of the Federal Rules of Civil Procedure provides "the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint." *Soos v. Niagara Cty.*, 195 F. Supp.3d 458, 463 (W.D.N.Y. 2016). When a defendant challenges service of process, the plaintiff bears the burden of proving, through admissible evidence, the adequacy of service. *Corrado v. New York Unified Court Sys.*, 163 F. Supp. 3d 1, 13 (E.D.N.Y. 2016), *aff'd* 698 Fed. App'x 36 (2d Cir. 2017). The Court looks to Rule 4 of the Federal Rules of Civil Procedure when deciding a motion to dismiss for insufficient service of process. *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010); *see also Salim v. Cnty. Of Erie*, No. 15-CV-00418A,

2018 WL 7133268, at *5 (W.D.N.Y. Dec. 19, 2018), *adopted by* 2019 WL 330762 (W.D.N.Y. Jan. 25, 2019). When considering a motion to dismiss pursuant to Rule 12(b)(5) for insufficient service of process, the Court must look to matters outside the complaint to determine whether it has jurisdiction. *Mende v. Milestone Tech., Inc.*, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003).

## ANALYSIS

Defendant moves to dismiss the Complaint on multiple grounds related to personal jurisdiction, service, statute of limitations, interested parties, and adequacy of the pleadings. The Court turns first to the threshold issue of service and personal jurisdiction and, because it concludes that it lacks personal jurisdiction over Defendant, declines to conduct a merits-based analysis at this juncture.

I.   Service and Personal Jurisdiction Pursuant to Rules 12(b)(2) and (5)

Defendant contends that this Court lacks personal jurisdiction because Plaintiff failed to effectuate proper service. (Def. Br. at 12-13).[1]

A.   Deficient Service of Process

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Dynegy Midstream Servs. v. Trammochem*, 451 F.3d 89, 94 (2d Cir. 2006) (quoting *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)). "Thus, the Court's analysis under Rule 12(b)(2) and (5) collapses into one: if service of process over Defendant[] is insufficient, then the Court may not exercise proper jurisdiction over [it]." *Pruthi v. Empire City Casino*, No. 18-CV-10290, 2022 WL 596370, at *4

---

[1] Removal of the action did not constitute a waiver of the defense of improper service. *See Smith v. Bray*, No. 13-CV-07172, 2014 WL 5823073, at *2 (S.D.N.Y. Nov. 10, 2014) ("'Courts and commentators agree that merely by removing a case from state to federal court a party does not waive any of its defenses under Rule 12(b), including a motion to dismiss for improper service' . . . Defendants have not waived the defense because they asserted it in their very first submission in response to the Complaint.").

(S.D.N.Y. Feb. 28, 2022). "[P]laintiff bears the burden of establishing that service was sufficient." *Hood v. Ascent Med. Corp.*, No. 13-CV-00628, 2014 WL 5089559, at *2 (S.D.N.Y. Oct. 9, 2014) (quoting *Khan v. Khan,* 360 Fed. App'x 202, 203 (2d Cir. 2010)).

Pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure, service of process may be made upon a corporation located in a judicial district of the United States either:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant . . . .

Fed. R. Civ. P. 4(h)(1). Further, Rule 4(e)(1) of the Federal Rules of Civil Procedure states that service may be completed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). The applicable state law in this case is governed by Section 311(a)(1) of the New York Civil Practice Law and Rules ("NY CPLR") which provides that personal service upon a corporation shall be made by delivering the summons "upon any domestic or foreign corporation, to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." N.Y. C.P.L.R. § 311(a)(1). Service may also be made pursuant to Business Corporation Law § 306 through service on Defendant's registered agent or the Secretary of State. *Id.*

Here, Plaintiff maintains that he properly served Defendant via a security guard working at the corporate location of Defendant's parent company, Asurion. (Opp. at 1). Plaintiff submits as

an attachment to his Opposition an affidavit of service[2] indicating that the process server served the Summons on a "security guard who refused to call anybody from Asurion/UBI[F]" on December 14, 2022. (*Id.* at 2). Defendant argues that service on the security guard was improper under NY CPLR 311 because the security guard "is not employed by UBIF nor is he an officer, director, managing or general agent of UBIF or otherwise authorized to accept service on UBIF's behalf." (Def. Br. at 13; Ancar Decl. ¶ 5). The Court agrees with Defendant that leaving process with the security guard, who was not authorized to accept service, was insufficient. Plaintiff was required to deliver process personally to an officer, director, agent, cashier, or person otherwise authorized to accept service on behalf of Defendant, or serve the Secretary of State, which he did not do. *See i.e.*, *Smith*, 2014 WL 5823073 at *4.

Plaintiff argues, however, that the security guard's refusal to call anyone from the company made him an agent of the company, as he was the sole person responsible for controlling access and/or communication with direct agents of the company. (Opp. at 1). But courts in this District have rejected this premise and deemed service deficient in similar circumstances. *See i.e. Lederman v. Benepe*, No. 12-CV-06028, 2014 WL 1318356, at *5 (S.D.N.Y. Mar. 28, 2014) ("a third party's refusal to permit a process server to access a defendant's office does not demonstrate that a defendant was 'resisting service.'"); *see also TAGC Mgmt., LLC v. Lehman,* 842 F. Supp. 2d 575, 580 (S.D.N.Y. 2012) (service deficient when delivered to security guard in office lobby even though security guard had "refused to allow the process server access to [defendant's office suite]"); *Ingenito v. Riri USA, Inc.,* No. 11-CV-02569, 2011 WL 4056078, at *4 (S.D.N.Y. Aug.

---

[2] "In considering the motion [to dismiss for inadequate service of process], the court 'must look to matters outside the complaint,' including affidavits and supporting materials, to determine whether service was proper. *Beyond Bespoke Tailors, Inc. v. Barchiesi*, No. 20-CV-05482, 2023 WL 2585823, at *2 (S.D.N.Y. Mar. 21, 2023); *see also Aaron v. Keyser*, No. 21-CV-05258, 2023 WL 3466170, at *3 (S.D.N.Y. May 15, 2023) ("When considering a motion to dismiss pursuant to Rule 12(b)(5) for insufficient service of process, the Court must look to matters outside the complaint to determine whether it has jurisdiction.").

9, 2011) (service deficient even though process server had been denied access to defendant's office by security guard).

Plaintiff does not allege any other attempts at service following removal of the action. Accordingly, the Court concludes that Plaintiff did not properly serve the Summons on Defendant.

B.  <u>An Extension of the Time to Serve Defendant Is Warranted</u>

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "Rule 4(m)'s [time] period for service begins to run on the date of removal." *Lynch v. Cnty. of Herkimer*, No. 20-CV-0063, 2020 WL 13915508, at *3 (N.D.N.Y. Mar. 27, 2020). Therefore, Plaintiff's time to serve expired on June 12, 2023. Plaintiff makes clear in opposition that he believes service on Defendant was proper. This belief does not amount to good cause for failure to meet the Rule 4(m) service requirement. *See Dixon v. Stedman*, No. 22-CV-03581, 2023 WL 2710405, at *7 (E.D.N.Y. Mar. 30, 2023) ("[a] mistaken belief that service was proper is not good cause under Rule 4(m)."). Plaintiff does not otherwise argue that good cause exists. Accordingly, Plaintiff has not shown good cause for his failure to timely serve Defendant.

Notwithstanding Plaintiff's failure to show good cause, "it is well settled that district courts have discretion to grant extensions under Rule 4(m) even in the absence of good cause." *Buon v. Spindler*, 65 F.4th 64, 75 (2d Cir. 2023). "At minimum, before granting an extension of time to serve absent a showing of good cause, a district court should assess whether the plaintiff has advance[d] some colorable excuse for [his] neglect of Rule 4(m)'s time limit." *Falvey Cargo Underwriting Ltd. v. Zim Integrated Shipping Servs. Ltd.*, No. 19-CV-11495, 2023 WL 8716888,

at *6 (S.D.N.Y. Nov. 30, 2023). Then, "[i]n determining whether a discretionary extension is appropriate in the absence of good cause, a court considers the following four factors: (1) whether any applicable statutes of limitations would bar the action once refiled; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether [the] defendant attempted to conceal the defect in service; and (4) whether [the] defendant would be prejudiced by extending plaintiff's time for service." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010).

Here, the Court recognizes that Plaintiff made a diligent, good faith effort to timely serve Defendant by enlisting the service of a professional process server. While the process server ultimately attempted service on Defendant via a security guard who was not authorized to accept service, Plaintiff relied on the representation of the process server that the attempt had been successful. Additionally, there is no question that Defendant, who had filed a Notice of Limited Appearance and Demand for Complaint in state court, received notice of this action as early as February 3, 2023, when Plaintiff filed his Complaint in state court (Not. ¶ 4); and that Defendant had sufficient notice to engage in motion practice, both of which weigh in favor of an extension. *See Jones v. Westchester Cnty.*, 182 F. Supp. 3d 134, 145 (S.D.N.Y. 2016). Courts also typically weigh Plaintiff's *pro se* status in favor of granting an extension. (*Id.*). While Defendant made no attempt to conceal the defect in service,[3] the Court notes that at no point in this litigation has Plaintiff, who is proceeding *pro se*, been specifically advised to take any further action regarding service. Lastly, the Court notes that Defendant does not identify how it would be prejudiced if Plaintiff were granted more time to serve the Summons. *See Chidume v. Greenburgh-N. Castle Union Free Sch. Dist.*, No. 18-CV-01790, 2019 WL 2866096, at *4 (S.D.N.Y. July 3, 2019)

---

[3] Defendant asserted improper service as a basis for dismissal in both the motion to dismiss filed in Westchester County Supreme Court (Doc. 1-1 at 28-30) and the renewed motion to dismiss filed in this Court (Def. Br. at 12-14).

(granting Plaintiff an additional 60 days to cure his service defect in part because "Defendants did not articulate how they would be prejudiced if required to defend this suit."). On balance, and in light of the "general preference for deciding cases on the merits," Plaintiff is granted an extension, *nunc pro tunc*, to May 6, 2024 to serve Defendant and file proof of such service with the Court. *See Patel v. Clane Gessel Studio*, No. 22-CV-10964, 2023 WL 8280498, at *3 (S.D.N.Y. Nov. 30, 2023).[4]

## II.   Remaining Branches of Defendant's Motion to Dismiss

Defendant alternatively seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) based on Plaintiff's failure to state a claim. Because this Court has determined it does not have personal jurisdiction over Defendant, it declines to rule on the merits of Plaintiff's claims. *See i.e. Birittieri v. Whole Foods Mkt. Grp.*, Inc., No. 21-CV-08703, 2023 WL 2266481, at *6 (S.D.N.Y. Feb. 28, 2023); *see also In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 267-68 (2d Cir. 2001) (treating personal jurisdiction as a threshold determination preceding adjudication of the merits). The Court likewise declines to rule on Defendant's argument for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) on the basis that Plaintiff's race discrimination and retaliation claims are time-barred by both state and federal law (Def. Br. at 911), as this would require the Court to consider substantive allegations in the Complaint. *See United States ex rel. Hanks v. United States*, 961 F.3d 131, 137 (2d Cir. 2020) ("[W]hen a case is removed from state court to federal court, a district court may choose to dismiss the case for lack

---

[4] Defendant also argues that Plaintiff's discrimination and retaliation claims arising under New York state law should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(7) on the basis that Plaintiff failed to name DHR as a necessary party in this action. (Def. Br. at 11-12). DHR is only a necessary party in state court proceedings where the petitioner is appealing a determination of the DHR. *See Warden v. Southampton Town Newspapers, Inc.*, 171 A.D.3d 1194, 1195 (2019). Here, Plaintiff is not appealing the DHR's determination in state court, but rather asserts claims for discrimination and retaliation in violation of NYSHRL following receipt of a right to sue letter from the EEOC. Therefore, Plaintiff need not add DHR as a party to maintain this action.

of personal jurisdiction without first resolving a 'difficult and novel' challenge to the court's subject-matter jurisdiction."). Should Plaintiff properly serve Defendant in the prescribed timeframe, and should Defendant file a renewed motion to dismiss, the Court will address such issues at the appropriate time. *See Sauer v. Town of Cornwall*, No. 20-CV-04881, 2021 WL 4066848 at *5 (S.D.N.Y. Sept. 7, 2021).

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant's motion to dismiss the Complaint is GRANTED without prejudice.

Plaintiff shall have until May 6, 2024 to effect proper service on Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure. Defendant may then file an answer or otherwise respond to the Complaint within 14 days of service. Plaintiff is advised that failure to comply with this Opinion and Order will result in dismissal of this action without prejudice.

The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 14 and to mail a copy of this Opinion and Order to Plaintiff.

SO ORDERED:

Dated: White Plains, New York
      March 8, 2024

_____
Philip M. Halpern
United States District Judge

11